UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS HENDRIX,<br><br>Defendant. | 1:08-CR-0232-LJO-1<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION PURSUANT TO 28 U.S.C. § 2255 (DOC. 418)** |

## I. INTRODUCTION

Defendant Curtis Hendrix ("Defendant") is a federal inmate and proceeds *pro se* seeking relief under section 28 U.S.C. §2255 ("Section 2255") based on ineffective assistance of counsel. Defendant alleges that counsel did not inform him of the enhanced penalty that might have been imposed on him because of a prior conviction. This Court considered the record and DENIES Defendant Section 2255 relief.

## II. BACKGROUND

Pursuant to a plea agreement (Doc. 341), this Court found Defendant guilty of aiding and abetting the distribution of and possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)

1

and 18 U.S.C. § 2) and conspiracy to distribute (21 U.S.C. § 846) on June 14, 2012. (Doc. 346). Charges on the thirteen other related counts for which Defendant had been indicted were dismissed in consideration of this agreement. The plea agreement was signed by the Defendant and reflects that he "acknowledges that his plea of guilty is voluntary." (Doc. 341 at 5). The agreement also reflects that Defendant agreed that he was correctly considered a "career offender" with a criminal history category of VI as defined by the United States Sentencing Guidelines (USSG) and an adjusted offense level of 37. *Id.* at 6. The USSG defines a career offender as a defendant who (a) was at least 18 at the time of the instant offense, (b) whose instant offense is a felony that is either a crime of violence or a controlled substance offense; and (c) one who has at least two prior felony convictions for either crimes of violence or controlled substance offenses. USSG MANUAL § 4B1.1 (a) (2013). A designation of "career offender" mandates a criminal history category of VI. *Id.* The sentencing guideline range for a defendant with a criminal history category of VI and an offense level of 37 is 360 months to life. *Id.* at Chapter 5. The plea agreement identifies this as the appropriate sentencing guideline range. Doc. 341 at 6. The government agreed to recommend that the defendant be sentenced to 360 months imprisonment (Doc. 341 at 7) and this Court adopted that recommendation (Doc. No. 360) and sentenced Defendant to a total term of 360 months imprisonment. Doc. No. 346.

Defendant unsuccessfully appealed his conviction to the Ninth Circuit on the basis that this Court erred when it denied his motion to suppress evidence obtained through wiretaps. (Doc. 383). Defendant also filed a motion for this Court to reconsider its sentence, which was denied pending his appeal to the Ninth Circuit (Doc. 369). This motion followed.

### III. STANDARD OF DECISION

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), cert. denied, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland*, 466 U.S. at 687-

688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), cert. denied, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), cert. denied, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678, 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. The burden is on the defendant, not the State, to show a "reasonable probability" that the result would have been different. *Wong v. Belmontes,* 558 U.S. 15, 27 130 S. Ct. 383, 390-91(2009). A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. In the context of a guilty plea, a showing of prejudice focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process.*" Hill v. Lockhart*, 474

3

U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

## IV. DISCUSSION

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

Defendant alleges that he received ineffective assistance because he was "misinformed about the consequences of his plea." Doc. 418 at 4. He contends that he was advised that under the terms of his plea, the court could impose a sentence of between five and 40 years for each count. *Id.* at 5. Defendant asserts that he was actually subjected to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B)(iii), which carries a maximum term of life imprisonment. *Id.* Defendant states that "[i]t is a reasonable probability that but for the counsel's incompetent advice, Petitioner would not have pleaded guilty knowing that he could receive a life sentence." *Id.*at 4.

While the plea agreement does identify the maximum sentences available as forty years per count on page 19, it also states that the correct sentencing range, based on the USSG, is 360 months to life, on page 6. Thus, the plea agreement itself reflects that a sentence of life imprisonment was available to the court. The risk that the court might impose a life sentence was mitigated by a limitation included in his waiver of appellate rights so that his appellate rights would be retained if the court imposed a sentence of more than 360 months. *Id.*at 4.

During the hearing in which the Court accepted Defendant's guilty plea, the following colloquy took place:

> The Court: On page 14 and 15, pages 14 and 15, that's the maximum

4

> possible sentence, and that is imprisonment, minimum mandatory of ten years, maximum of life; maximum fine of $4 million; or both the fine and the imprisonment; term of supervised release, a minimum of five years, maximum of life. If you violate any of the terms of supervised release, you could be returned to prison for the period of supervised release actually imposed by the Court or five years, whichever is less; and a mandatory penalty assessment of $100. Do you understand that maximum possible fine in this case -- or sentence in this case?
>
> A. Yes, I do.

Doc. 363 at 5:21-7:7. Accordingly, there is simply no merit to the contention that Defendant entered his plea based upon a misunderstanding that the maximum sentence he faced was 40 years. Moreover, even if, for the sake of argument, Defendant had been misinformed that the maximum sentence he faced was 40 years, he ultimately was sentenced to a term of imprisonment of 360 months, or 30 years. Thus there is no evidence that counsel's performance affected the outcome of the plea process.

The lack of clarity in Defendant's motion also supports a finding of no prejudice. In fact, it is unclear what specific relief he seeks. Defendant does not actually request to withdraw his guilty plea, nor does he directly assert that he would not have pled guilty had he been given "correct" information about his possible sentence. Thus he falls very short of the requirement that he demonstrate, not just allege, that there is a reasonable probability that he would not have pleaded guilty.

## V. CERTIFICATE OF APPEALABILITY

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the


correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

## VI. CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Defendant relief under Section 2255 and a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 17, 2014**          /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE