# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HENDRIX,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | 1:08-cr-000232 LJO<br><br>**ORDER CONSTRUING "MOTION PURSUANT 60(b)(1)(3)" AS SUCCESSIVE 28 U.S.C. § 2255 MOTION AND DISMISSING SAME (DOC. 444)** |

   On March 11, 2015, Curtis Hendrix ("Petitioner") filed a "Motion pursuant to 60(b)(1)(3)," which requests that the Court "re-open his 2255 so he can amend it." Doc. 444 at 1, 16. Petitioner previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") on March 28, 2014, raising an ineffective assistance of counsel claim. Doc. 418. Petitioner's March 28, 2014 Section 2255 motion was denied on the merits on April 18, 2014. Doc. 419. Petitioner sought a certificate of appealability from the Court of Appeals in order to appeal the denial of his March 28, 2014 Section 2255 motion. Doc. 429. That request was denied. Doc. 443.

   Petitioner's pending motion seeks to amend his March 28, 2014 Section 2255 Motion with a set of confusing allegations that appear to overlap, at least in part, those allegations contained in his original Section 2255 Motion. However, his motion to amend is more properly construed as a second or successive Section 2255 Motion. *See Beaty v. Schriro*, 554 F.3d 780, 783 n. 1 (9th Cir. 2009) (holding that a petitioner cannot amend his petition after the district court has ruled and proceedings have begun or been completed in the circuit court).

Before this Court can consider a second or successive Section 2255 motion, Petitioner must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Felker v. Turpin,* 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes,* 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). Petitioner has not shown that he has obtained leave from the Court of Appeals to file a second motion. Thus, this Court lacks jurisdiction to consider Petitioner's third Section 2255 Motion. *See Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

For the reasons set forth above, Petitioner's "Motion Pursuant to 60(b)(1)(3)," construed as a successive Section 2255 Motion, is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

Dated:   **March 17, 2015**             **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE