**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:08-cr-00232-LJO-1** |
| **Plaintiff-Respondent,** | **ORDER TO SHOW CAUSE RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| **v.** | |
| **CURTIS HENDRIX,** | |
| **Defendant-Petitioner.** | **(ECF No. 448)** |

On June 22, 2016, appointed counsel filed a motion to vacate, set aside, or correct Petitioner Curtis Hendrix's sentence (ECF No. 448), pursuant to Title 28, United States Code, Section 2255 ("Motion"), raising issues related to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). According to Petitioner's motion, his sentence was enhanced pursuant to the residual clause of United States Sentencing Guidelines ("Guidelines") § 4B1.2. Petitioner argues that his sentence is unconstitutionally vague in light of the Supreme Court's analysis in *Johnson*. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the Guidelines are not subject to vagueness challenges "because they merely guide the district court's discretion" and because "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 874. Therefore, because the

sole basis upon which Petitioner challenged his sentence under § 2255 has been foreclosed by the Supreme Court, Defendant is ordered to show cause **on or before October 6, 2017** why the Motion should not be summarily denied.  Alternatively, Defendant may withdraw the Motion.

IT IS SO ORDERED.

Dated:   **September 5, 2017**           **/s/ Lawrence J. O'Neill**
                                       UNITED STATES CHIEF DISTRICT JUDGE