# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **CURTIS HENDRIX,** <br><br> Defendant. | **CASE NO. 1:08-CR-00232 LJO** <br><br> **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** <br><br> **(ECF No. 457)** |

Before the Court is Defendant Curtis Hendrix's ("Defendant" or "Hendrix") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582") (ECF No. 457), in accordance with United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782 to the USSG. Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782"). The Government has opposed the motion on the basis that, although Defendant is eligible for a reduction under § 3582, his motion should be denied due to the seriousness of the offense, Defendant's leadership role in the Villa Posse criminal street gang, and his significant criminal history and engagement in selling crack cocaine and other illegal drugs. (*See* ECF No. 465.) Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court GRANTS Defendant's motion and reduces his sentence to 292 months.

## I. BACKGROUND

On March 9, 2012, the Defendant pleaded guilty, pursuant to a plea agreement under Federal Rule of Criminal Procedure ("Rule") 11(c)(1), to conspiracy to distribute and possess with the intent to distribute cocaine base a.k.a. "crack," a.k.a. "rock," and possession with intent to distribute

cocaine base a.k.a. "crack," a.k.a. "rock," in violation of Title 21, United States Code §§ 846 and 841(a)(1). (ECF Nos. 340, 341.)

At Defendant's June 11, 2012 sentencing, the Court found a total offense level of 37 and a criminal history category of VI. Pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a three-level base offense reduction for accepting of responsibility, bringing his total offense level to 35. The Guidelines range for a defendant with an offense level of 37 and a criminal history category VI was 360 months to life imprisonment. At sentencing, the Court sentenced the defendant to a term of 360 months in prison, the low end of the Guidelines range. (*See* ECF Nos. 345, 346.)

On May 25, 2017, Defendant filed a pro se motion for a reduction in sentence pursuant to § 3582, requesting that the Court reduce his sentence by two points in accordance with Amendment 782. (ECF No. 457.)

The Court issued an order referring Defendant's case to the Federal Defender's Office ("FDO") pursuant to Eastern District of California General Order 546. (ECF No. 458.) On June 27, 2017, the FDO filed a Supplement to Defendant's pro se motion. (ECF No. 459.) The Government filed an opposition to Defendant's motion on August 14, 2017. (ECF No. 465.) Defendant filed a reply on August 25, 2017. (ECF No. 466.) The matter is now ripe for review.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See*

USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

**III. DISCUSSION**

The initial inquiry is whether Defendant is eligible for a sentence reduction. Here, both parties agree that he is eligible. (ECF Nos. 701, 707.) Amendment 782 to the Sentencing Guidelines revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to Defendant's drug trafficking conviction. Under Amendment 788, Amendment 782 applies retroactively to Defendant's sentence. Although Defendant was sentenced pursuant to an 11(c)(1) agreement, the Court explicitly considered the Sentencing Guidelines in sentencing him. (ECF No.

639 at 5.) Therefore, pursuant to the Ninth Circuit's decision in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016), Defendant is eligible for a reduction under § 3582(c)(2). 825 F.3d at 1026. Defendant is now eligible to have his offense level re-calculated from 37 to 35. With an offense level of 35, criminal history category VI, the Guidelines range applicable to Defendant is 292 to 365 months.

Turning now to the second step of the inquiry, the Court considers, in its discretion, whether a reduction under § 3582 is appropriate given the facts of this case. Defendant argues that he should be re-sentenced to the low end of the new Guidelines range – 292 months imprisonment. The Government argues, in a motion filed under seal, that the Court should not grant Defendant a sentence reduction because the 360 month sentence is appropriate in light of Defendant's extensive criminal history, the seriousness of the offense, and his leadership role in the Villa Posse criminal street gang. Therefore, the Government argues, Defendant should not be released earlier than the time specified in his plea agreement in the interest of public safety. (ECF Nos. 465.)

Defendant counters that even with the benefit of Amendment 782, Defendant will still serve nearly 25 years in prison, and will remain in custody until at least 2029. While incarcerated, Defendant has maintained a clean discipline record during the nine years that he has been in custody, and has completed numerous educational courses. Defendant further argues that the Court had all of the relevant information before it at sentencing and saw it fit to sentence Defendant to the low end of the Guidelines range.

Having reviewed and considered Defendant's crime, the original PSR, the § 3553(a) factors, and public safety considerations, the Court reduces Defendant's sentence from 360 months to 292 months. In doing so, the Court takes into account the policy goals underlying Amendment 782, which favors a two-point reduction in the base offense level for crimes involving drug quantities applicable in this case. *See* Amendment 782 ("The purposes of the amendment are to reflect the Commission's determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step toward alleviating the overcapacity of the federal prisons"); s*ee also United States v. Luna*, No. 1:95-CR-05036-AWI, 2015 WL 4599383, at *4 (E.D. Cal. July 29, 2015) (noting that barring disqualifying facts, a

4

qualifying defendant's sentence is to be adjusted in accordance with the Guidelines amendment). The Court further notes that were Defendant sentenced for this crime in the first instance today, his sentence would likely reflect the amended Guidelines range. Therefore, the Court believes that a reduction is warranted. The Court therefore reduces Defendant's sentence to a term of 292 months.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Curtis Hendrix's motion to reduce his sentence is **GRANTED**, pursuant to 18 U.S.C. § 3582(c)(2). Defendant is hereby re-sentenced to a term of 292 months imprisonment, a 96-month term of supervised release, and a $200 penalty assessment.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL** close this case.

IT IS SO ORDERED.

Dated: __April 2, 2018__         _____/s/ Lawrence J. O'Neill_____
                                                                 UNITED STATES CHIEF DISTRICT JUDGE