IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 1:08cr232-01 |
| | § |
| | § |
| | § |
| CURTIS HENDRIX, | § |

**MEMORANDUM OPINION AND ORDER**

Curtis Hendrix pleaded guilty to conspiring to distribute and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 and § 841(a)(1). He was sentenced in 2012 to a 360-month prison term, which was subsequently reduced under retroactive sentencing guideline amendments to 292 months. That sentence was the result of his career offender status, based on an extensive criminal history that included other drug trafficking and firearms offenses. Hendrix is serving this sentence at the Mendota Federal Correctional Institution. He has served 154 months, slightly more than half of his sentence. He is 46 years old and is receiving medication for hypertension. Hendrix has received the COVID vaccination. He seeks a time-served sentence through compassionate release under 18 U.S.C. § 3582(c)(1), based on the risk of COVID given his hypertension and on his good behavior in prison. (Docket Entry Nos. 471, 478). The government opposes the motion. (Docket Entry No. 481).

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But courts may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. *Id*. (quoting § 3582(c)(1)(A), (c)(1)(A)(i)). After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18

U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (citing *United States v. Gunn*, 980 F.3d 1178, 1180). The comments to the United States Sentencing Guidelines § 1B1.13 are instructive here. They explain that a medical condition "might be sufficiently serious to warrant release" if the condition is either "terminal" or "substantially diminishes the [defendant's ability] to provide self-care." U.S.S.C., Guidelines §1B1.13, cmt. n.1(A).

The court recognizes the COVID risk in prisons and jails, including in the Mendota FCI. But Hendrix's medical conditions are not so severe as to warrant the relief he seeks, particularly since he has now been fully vaccinated. Hendrix is 46, well below the ages that are most vulnerable to COVID. Hendrix has hypertension, for which he is receiving medication. He has received the COVID-19 vaccine, which medical science indicates is effective to protect against symptoms serious enough to require hospitalization, even against the more contagious Delta variant. He is expected to be released, with good-time credit, in April 2029. The facility where he is incarcerated currently has no active cases of COVID. *See* https://www.bop.gov/coronavirus/ (accessed August 18, 2021).

Hendrix has served too little of his sentence, and his medical conditions are not so severe, as to justify the compassionate early release he seeks.[1] He has not demonstrated "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).

---

[1] Hendrix argues that the offenses for which he received a 360-month sentence now require a mandatory minimum of 180-months and that if a court sentenced him today for those offenses, he would likely receive a 180-month sentence instead. (Docket Entry No. 471 at 14). The government responds that the mandatory minimum was ten years at the time Hendrix was sentenced and has not since changed. (Docket Entry No. 481 at 13). The Presentence Investigation Report confirms that the government relied on a ten-year mandatory minimum when recommending a 360-month sentence at the time of Hendrix's sentencing.

In addition, Hendrix's crimes and criminal history are serious. He conspired to traffic in large amounts of crack cocaine. His prior convictions include drugs and firearms violations, including for assault with a firearm.

Hendrix has taken admirable steps towards rejoining society. However, the fact that Hendrix has served only slightly more than half of his sentence and the importance of consistency and equity in sentencing weigh heavily on the court. The § 3353(a) factors do not support granting relief.

Hendrix's motion for compassionate release, (Docket Entry Nos. 471, 478), is denied.

SIGNED on August 19, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

Presentence Investigation Report 44, *United States v. Hendrix*, No. 1:08-cr-00232-001 (June 11, 2012). Given the report, there is no basis to believe Hendrix's sentence would be shorter if determined today.