UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 1:08-cr-00232-001 JLT |
| Plaintiff, | ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | (Doc. 491) |
| CURTIS HENDRIX, | |
| Defendant. | |

Curtix Hendrix moves the Court for an order terminating his supervised release early after having completed approximately 14 months of the 96 months of supervised release ordered. For the reasons set forth below, the motion is **DENIED**.

**I. Background**

Curtis Hendrix plead guilty to conspiring to distribute and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 and § 841(a)(1). He was sentenced in 2012 to a 360-month prison term, which was subsequently reduced under retroactive sentencing guideline amendments to 292 months and 96 months of supervised release. That sentence was the result of his career offender status, based on an extensive criminal history that included other drug trafficking and firearms offenses.

He has now completed just over 13 months of supervised release. During this time, he has established a stable home with his girlfriend and kids, he runs a janitorial service and works in

1

roadside construction. Mr. Hendrix completed out-patient substance abuse treatment, and his drug test results have been negative for illegal controlled substances. He has not had any violations of his conditions while on supervision.

Even still, the government and the Probation Office oppose the motion for early termination of supervision noting that Mr. Herrera has spent only 14 months on actual supervision. (Doc. 494) The government argues also that the seriousness of the underlying crime, his lengthy criminal history and his past poor performance on supervision requires additional supervision. *Id.* The Court agrees.

## II.  Analysis

The Court acknowledges its discretion to terminate supervision early in this case.  In considering the motion, the Court is obligated by 18 U.S.C. § 3583(e) to consider the relevant factors set forth in 18 U.S.C. § 3553(a)(1)[" the nature and circumstances of the offense and the history and characteristics of the defendant'], (a)(2)(B)[" to afford adequate deterrence to criminal conduct"], (a)(2)(C)[" to protect the public from further crimes of the defendant"], (a)(2)(D)[" to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"], (a)(4)[" the kinds of sentence and the sentencing range established"], (a)(5)["any pertinent policy statement . . .issued by the Sentencing Commission"], (a)(6)["the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"], and (a)(7)["he need to provide restitution to any victims of the offense"] and whether the supervisee has completed at least one year of supervision. *United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022), quoting *United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014). However, the Court must also consider whether termination satisfies the interests of justice. 18 U.S.C. § 3583(e).  "[A] district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett,* at 819.

Here, the underlying offense was quite serious and dangerous. He was involved in a large-scale drug trafficking operation, and he held a leadership role in a violent street gang. (Doc. 341 at 8-19; Doc. 469 at 4) The drug trafficking occurred while many of the members of the gang,

including the defendant, were armed with firearms. *Id*. By the time he was convicted of the underlying crimes, the defendant had a significant criminal history making him a career offender and placed him in criminal history category VI. *Id*. at 6. Some of his past offenses included brandishing a firearm, possessing a shotgun, drug trafficking, and assault with a firearm.

In the past, he has not done well on supervision, and his conduct resulted in many parole revocations. Notably, he has completed less than 15% of the term of supervised release imposed.

Though the Court appreciates that Mr. Hendrix has made recent strides toward reentering society and living a law-abiding life, and though this recent compliance is notable, it is the minimum that the Court expects. Considering the seriousness of the underlying crimes, his role in the criminal street gang, his criminal history that spanned decades, his repeated past acts of non-compliance with terms of supervision, the need for the Court to protect the public and to assure that Mr. Hendrix will not return to a life of crime, the Court cannot find that he demonstrated that the interests of justice warrant early termination of supervision. For these reasons, and after considering the relevant factors noted above, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:  July 8, 2026

_____
UNITED STATES DISTRICT JUDGE